UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PETER KESSLER,                                          Civil Action No.:

    *Plaintiff*,

vs.

COLLECTION INFORMATION
BUREAU, INC. AND GASTROMED, LLC

    *Defendants.*
_____/

**COMPLAINT**

Plaintiff, Peter Kessler (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, Collection Information Bureau, Inc. ("Defendant CIB") and GastroMed, LLC (hereinafter "Defendant GastroMed") and states as follows:

**JURISDICTION**

1.    This Court's jurisdiction arises under 28 U.S.C. §1331 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

2.    This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* (hereinafter "FDCPA").

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in the jurisdiction and because the transactions, acts, practices and courses of conduct constituting violations of federal consumer financial law occurred within this District.

## PARTIES

4. Plaintiff is a natural person who resides in Miami, Florida and is otherwise *sui juris*.

5. Plaintiff is a "consumer" as that term is defined by the FCRA, the FDCPA and the Florida Consumer Collection Practices Act ("FCCPA").

6. Defendant CIB is a Florida corporation that regularly uses the mail in a business, the principal purpose of which is to collect debts and which is a business that regularly attempts to collect debts owed to another.

7. Defendant CIB is located at 202 North Federal Highway, Lake Worth, Florida 33460.

8. Defendant CIB is a "debt collector" as that term is defined by the FDCPA and a "furnisher" under the FCRA.

9. Defendant GastroMed is a Florida limited liability company with its principal place of business at 3421 SW 107th Avenue, Miami, Florida 33165 and is a "creditor" as that term is defined by the FCCPA.

## FACTUAL ALLEGATIONS

10. On July 21, 2015, Plaintiff obtained medical services from Defendant GastroMed.

11. In July 2015, Plaintiff had a health insurance policy with Ambetter from Sunshine Health ("Ambetter").

12. Under the terms of Plaintiff's policy with Ambetter, Plaintiff owed a co-pay of five dollars ($5.00) to Defendant GastroMed for the services rendered on July 21, 2015, which was paid by Plaintiff to GastroMed the same day.

13. Plaintiff fulfilled his responsibility for the visit upon payment of the five dollar ($5.00) co-pay to Defendant Gastromed.

14. However, Defendant GastroMed thereafter tried to bill both Ambetter and Plaintiff for the full amount of the services rendered on July 21, 2015.

15. Plaintiff and Ambetter contacted Defendant GastroMed to explain that Plaintiff bore no further responsibility on the account, but this did not resolve the matter.

16. On December 21, 2015, Ambetter paid Defendant GastroMed the remaining balance owed, leaving no outstanding balance on the account.

17. Defendant GastroMed mistakenly misapplied the payment and therefore continued to show the services rendered to Plaintiff on July 21, 2015 with an outstanding balance.

18. Since Defendant GastroMed still showed an outstanding balance erroneously, Defendant GastroMed sent the account into collections with Defendant CIB in February 2016.

19. On February 22, 2016, Defendant CIB sent Plaintiff an initial collection letter related to the account.

20. In May 2016, Plaintiff, Ambetter, and Defendant GastroMed had a conference call during the course of which Defendant GastroMed finally accepted that Plaintiff's account was paid in full.

21. Defendant GastroMed then informed Defendant CIB that the account was paid in full.

22. On May 23, 2016, Defendant CIB updated its reporting with the credit bureau Equifax Information Services (hereinafter "Equifax") to reflect that the balance was now zero and the account was closed.

23. However, this was an incorrect reporting as Plaintiff's account was sent to collections in error and should have never been coded as a paid collection account.

24. The correct action of Defendant CIB should have been to delete the reporting in its entirety.

25. The reporting by Defendant CIB, first as an open collection account and then as a paid collection account on Plaintiff's credit report, both in error, adversely impacted Plaintiff's credit score.

26. In order to rectify this error, a reinvestigation request regarding Plaintiff's account was sent to Equifax on January 4, 2017 and was received on January 6, 2017.

27. The reinvestigation request explained that the account was improperly being reported as in collections since Defendant GastroMed was paid in full before ever sending the account into collections.

28. Upon information and belief, Equifax informed Defendant CIB of Plaintiff's reinvestigation request.

29. On January 19, 2017, Equifax sent Plaintiff the results of the reinvestigation, which showed that Defendant CIB verified that the current status and payment history were being reported correctly.

30. If Defendant CIB had communicated with Defendant GastroMed, Defendant CIB would have learned that the account was sent to collections in error and consequently should have been deleted as inaccurate as Plaintiff argued in his reinvestigation request.

31. Therefore, Defendant CIB failed to conduct a reasonable investigation.

32. On January 30, 2017, Defendant CIB notified Plaintiff that Defendant GastroMed directed Defendant CIB to close and return the account to Defendant GastroMed.

33. Consequently, Defendant CIB notified Equifax to remove the tradeline from Plaintiff's credit report.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT CIB

34. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

35. Defendant GastroMed gave Defendant CIB the right to collect on Plaintiff's alleged debt.

36. Defendant CIB falsely asserted that a debt was owed in violation of 15 U.S.C. §1692e(2)(A), which prohibits the false representation of the character, amount or legal status of any debt.

37. Defendant CIB reported information to Equifax that it knew or should have known to be false in violation of 15 U.S.C §1692e(8), which prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that debt is disputed.

38. Defendant CIB violated 15 U.S.C. §1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE**, Plaintiff, Peter Kessler, respectfully requests that this Court enter judgment against Defendant CIB, and on behalf of Plaintiff, and requests the following:

a. That an order be entered declaring Defendant CIB's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against Defendant CIB for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

  c. That judgment be entered against Defendant CIB for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

  d. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

  e. That the Court grant such other and further relief as may be just and proper.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**BY DEFENDANT CIB**

  39. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

  40. At all times pertinent hereto, Defendant CIB was a "person" as that term is used and defined under 15 U.S.C. §1681a.

  41. Plaintiff informed Defendant CIB that the debt in question was inaccurate by sending a reinvestigation letter to the credit reporting agencies.

  42. Despite this notice, Defendant CIB kept a false tradeline on Plaintiff's credit report.

  43. Defendant CIB knew or had reasonable cause to believe that Plaintiff's alleged debt was not being reported accurately.

  44. After receiving notice of Plaintiff's dispute, Defendant CIB violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute as any reasonable investigation would have revealed the inaccuracies and by failing to correctly inform Equifax regarding the inaccuracy of its tradeline with respect to the alleged debt.

  45. Defendant CIB's conduct was willful, and as such renders Defendant CIB liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant

to 15 U.S.C. §1681n. Alternatively, Defendant CIB was negligent, which entitles Plaintiff to the recovery of actual damages under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff, Peter Kessler, respectfully requests that this Court enter judgment against Defendant CIB, and on behalf of Plaintiff, and requests the following:

a. That an order be entered declaring Defendant CIB's actions, as described above, in violation of the FCRA;

b. That judgment be entered against Defendant CIB for actual damages and statutory damages, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

c. That the Court award costs and reasonable attorneys' fees against Defendant CIB pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

d. That the Court grant such other and further relief as may be just and proper.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY DEFENDANT GASTROMED

46. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

47. On or about December 21, 2015, Defendant GastroMed received payment from Ambetter, which fully satisfied Plaintiff's account.

48. However, Defendant GastroMed failed to properly credit Plaintiff's account and instead sent the account into collections.

49. Defendant GastroMed violated Fla. Stat. §559.72(9) which prohibits attempting to enforce a debt when such person knows that it is not legitimate.

**WHEREFORE**, Plaintiff, Peter Kessler, respectfully requests that this Court enter judgment against Defendant GastroMed, and on behalf of Plaintiff, and requests the following:

      a.      That an order be entered declaring Defendant GastroMed's actions, as described above, in violation of the FCCPA;

      b.      That judgment be entered against Defendant GastroMed for actual and statutory damages, pursuant to Fla. Stat. §559.77(2);

      c.      That this Court award costs and reasonable attorneys' fees against Defendant GastroMed pursuant to Fla. Stat. §559.77(2); and

      d.      Any further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

50.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: February 21, 2017

                      Respectfully Submitted,

                      /s/      Jason S. Weiss
                      Jason S. Weiss
                      Weiss Law Group. P.A.
                      5531 N. University Drive, Suite 103
                      Coral Springs, FL 33067
                      Phone: 954-573-2800
                      Fax: 201-608-7116
                      Email: Jason@jswlawyer.com

                      Of Counsel to the Firm:
                      Law Offices of Michael Lupolover P.C.
                      120 Sylvan Avenue, Suite 300
                      Englewood Cliffs, NJ 07632
                      (T) 201-461-0059
                      (F) 201-608-7116